# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KALIDOU MOUSSA SOW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-1376-G |
| | ) |
| ROBERT CERNA, Field Office Director | ) |
| of Enforcement and Removal | ) |
| Operations, Dallas Field Office, | ) |
| Immigration and Customs Enforcement, | ) |
| et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner Kalidou Moussa Sow, appearing through counsel, filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 11).[1]

### I.    Background

The factual background is set forth in the Petition and not contested by Respondents. As relevant here, Petitioner is a "native and citizen of Senegal." Pet. ¶ 21. Petitioner entered the United States "on or about October 8, 2023." *Id.* ¶ 22.

---

[1] Respondent Warden of Diamondback Correctional Facility has not appeared in this action. The appearing Respondents are: Robert Cerna, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, ICE; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; U.S. Department of Homeland Security; and Todd Blanche, United States Attorney General.

On October 20, 2025, ICE "detained" Petitioner, who has been in ICE detention since that date. *Id.* ¶ 23. On April 22, 2026, an Immigration Judge "entered an order of removal against Petitioner," which Petitioner has appealed. *Id.* ¶ 2.

Petitioner is detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* ¶ 23. Respondents contend that Petitioner is being held pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* Answer at 1. "Petitioner has not received a bond hearing or any meaningful individualized custody determination" while in detention. Pet. ¶ 23.

II.     Discussion

A. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)

Petitioner argues that his ongoing detention without a bond hearing violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. *See* Pet. ¶¶ 32-33, 41-49. In support of his INA claim, Petitioner argues that he is entitled to an "individualized custody review" under 8 U.S.C. § 1226(a)—rather than being subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)—because he "was apprehended and detained from within the United States" and "remains detained." *Id.* ¶¶ 32-33.

The INA claim is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, in which that court held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239-40 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus

eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing"). Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶¶ 22-23, 33; *Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; Pet. ¶ 23. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51.[2] Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[3]

### B. *Petitioner's Request for Directed Burden of Proof at Bond Hearing*

Petitioner argues that Respondents "must bear the burden of proving by clear and convincing evidence that continued detention is necessary" at any bond hearing. Pet. ¶¶ 40, 49. Respondents object that the Court should not address the allocation of the burden of proof at the bond hearing because the issue is not ripe. *See* Answer at 2-4. The Court need not and does not reach this issue. *See Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 & n.3 (W.D. Okla. July 7, 2026); *see also Munaf v. Geren*,

---

[2] While maintaining their position as to the proper interpretation of the relevant statutes, Respondents agree that *Santillan Quiroz* "compels" the outcome of this case—i.e., that an order should issue directing Petitioner to receive a bond hearing. Answer at 1-2 (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13).

[3] Based upon this determination, the Court need not and does not reach Petitioner's Fifth Amendment due process claim.

553 U.S. 674, 693 (2008).  As discussed above, the proper relief to which Petitioner is entitled on his claim for habeas relief is that he either be provided with a lawful bond hearing or released from detention.  *See Guzman Morales*, 2026 WL 1962374, at *2 & n.3; *Santillan Quiroz*, 180 F.4th at 1251 n.13.

### C.  Petitioner's Request for Fees and Costs

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  *See* Pet. at 13.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention."  *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026).  Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however.  *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2.  Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

### CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claim for relief is DISMISSED without prejudice; and

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing

4

was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 10th day of August, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

5